<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH A. BARTON, ANGELINE B. DAVIS, WILLIAM S. FISHMAN, JUSTIN C. LYON, KENNETH MAREK, STEVAN McCARTHY, JOSEPH R. SEMIFERO, MICHAEL SIEMBIDA AND MARYELLEN WEST, | Civil Action No.: 10-3657 (PGS)(DEA) |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| v. | |
| RCI, LLC, | |
| Defendant. | |

This matter comes before the Court on the Motion of Defendant RCI, LLC ("RCI") for Rule 37 Sanctions against Plaintiffs [dkt. no. 123]. Plaintiffs have opposed this Motion [dkt no. 130]. For the reasons specified below, RCI's Motion is **GRANTED**.

**I.    OVERVIEW**

The issues underlying the present motion are virtually identical to those that have plagued this matter throughout the discovery process. Namely, RCI is unyielding in its quest for meticulous and fulsome responses to its factual inquiries. Plaintiffs, for their part, have been dilatory and evasive. Although perhaps disproportionate to the information at issue, the present Motion was likely triggered by RCI's frustration with Plaintiffs' delays and obvious misrepresentations. After considering the parties' submissions, the Court finds that sanctions are warranted to address Plaintiffs' conduct, but on certain issues RCI will ultimately have to

proceed with the documents, written discovery, and deposition testimony that it already has received.

For the reasons set forth below, the Court will enter an Order (1) requiring Plaintiffs to identify the responsive discovery, documents or deposition testimony for particular disputed interrogatories, and/or (2) requiring Plaintiffs to certify that they have no additional information or materials responsive to RCI's requests.

## II.   RCI'S ARGUMENT AND RELIEF SOUGHT

RCI contends that the instant Rule 37(b) Motion for Sanctions was necessitated by Plaintiffs' ongoing failure to comply with the Court's Orders requiring complete responses to RCI's Second Set of Interrogatories, as well as Plaintiffs' corresponding misrepresentations to RCI and the Court throughout the process. See RCI's Brief at p. 1, dkt. no. 123.

RCI maintains that Plaintiffs' ongoing disregard of the Court's Orders "warrants sanctions, including an Order compelling substantive responses, an award of attorneys' fees, and such other relief as the Court deems appropriate." Id. Further, RCI argues, an award of fees is mandatory given that Plaintiffs cannot establish that their failure to comply with multiple Court Orders was substantially justified and/or that an award of fees would be unjust. Id. at p. 5. Additional sanctions sought include barring Plaintiffs from offering evidence at trial that they failed to disclose as Ordered, or an adverse inference. Id. at pp. 8, 10. RCI urges the Court to also consider "warnings, formal reprimand, imposition of attorneys' fees or costs on the dilatory party, temporary suspension of the culpable counsel, dismissal of the suit 'unless new counsel is secured,' or 'placing the case at the bottom of the calendar.'" See RCI's Brief, at p. 10, quoting Cherry v. County of Middlesex, No. 09-1499, 2012 U.S. Dist. LEXIS 126283, at *30 (D.N.J. Aug. 21, 2012) (quoting Titus v. Mercedes Benz of North America, 695 F.2d 746, 749-50 (3d Cir. 1982)).

Particular sanctions are specifically requested in RCI's objections to Plaintiffs' responses to individual interrogatories, and are noted below.  For the most part, however, RCI sets forth a general demand to compel complete responses to its interrogatories.

### III.  PLAINTIFFS' OPPOSITION

Plaintiffs argue that the Court has never ruled that any of the interrogatory responses at issue are deficient.  See Pls.' Opposition at p. 1, dkt. no. 130.  Since RCI has not previously moved to compel the interrogatory answers it now seeks, Plaintiffs contend, the Court has not had the opportunity to review these requests or Plaintiffs' objections thereto.  Id.  Plaintiffs conceded that they "had difficulty meeting various deadlines", attributing their delays to holidays and "the breadth of RCI's requests."  Id. at p. 2.  Plaintiffs maintain, however, that "[g]ood faith, but unfulfilled, aspirations are not basis for issuing sanctions…."  Id.

### IV.  FACTUAL BACKGROUND/ PROCEDURAL HISTORY

The lengthy factual background and procedural history of this matter is very familiar to the parties and need not be repeated here at length.  What follows is a brief summary of the events relevant to the instant application.

- June 19, 2013: Judge Sheridan held a conference, during which the Court scheduled trial for November 6, 2014 [dkt. no. 64].

- June 20, 2013: By letter, the Court directed the parties to submit a schedule for the completion of fact discovery by February 3, 2014.  A subsequent Scheduling Order confirmed that written, merits discovery was to be propounded by September 2, 2013 [dkt. no. 66].

- September 1, 2013: RCI propounded merits discovery consisting of ten interrogatories and ten document requests.  See Sager Decl., February 3, 2014, ¶ 2, dkt. no. 123.

- October 1, 2013: Plaintiffs served their responses to RCI's interrogatories and document requests.  Plaintiffs' interrogatory responses only contained objections, and not substantive responses. Plaintiffs did not produce any responsive documents.  See Sager Decl., at Ex. A.

3

- October 30, 2013:  An in-person hearing was conducted, during which the Court Ordered Plaintiffs to supplement their responses by November 27, 2013.

- November 27, 2013: Plaintiffs did not serve supplemental responses.  On that date, Plaintiffs informed RCI by e-mail that they would forward their completed responses by December 3, 2013.  The stated reason for the delay was that Plaintiffs' counsel were having difficulty obtaining signed verifications from their clients.  See Sager Decl., at Ex. D.

- December 3, 2013: Plaintiffs sent a letter to the Court advising that they anticipated serving supplemental responses "over the next few days."  Id. at Ex. E.

- December 19, 2013: The Court held an in-person conference, where Plaintiffs acknowledged the delays in serving their responses [dkt. no. 110].  The Court Ordered Plaintiffs to provide the supplemental responses by December 27, 2013.

- January 6, 2014: During a telephone conference, Plaintiffs represented that their delay in serving responses was caused by the amount of work required to respond to Interrogatory No. 9, which requested information regarding Plaintiffs' vacation travel.  See Sager Decl. at ¶ 3.  In a status update the following day, Plaintiffs advised that they expected to "serve three of the eight [named plaintiffs' supplemental responses] tomorrow [on January 8, 2013]," and to serve the rest "intermittently over the next week."  Id. at Ex. F.

- January 15, 2014: RCI sought the Court's intervention [dkt. no. 112], and then Plaintiffs served supplemental responses to the interrogatories and advised the Court that "all plaintiffs have responded to the supplemental interrogatories served by RCI."  See dkt no. 114.

After reviewing Plaintiffs' current interrogatory responses, the Court notes that they contain little factual information.  Rather, Plaintiffs' responses mostly consist of objections and/or general references to previously produced documents and deposition testimony.  Moreover, Plaintiffs' response to Interrogatory 9, which Plaintiffs asserted to be the cause of their delays, did not provide any factual information at all.

## V. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(b), "[i]f a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."

The Court's broad discretion in imposing sanctions under Rule 37(b) is guided by the Poulis factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Firm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

## VI. RCI'S INTERROGATORIES

What follows is an analysis of the alleged deficiencies in Plaintiffs' interrogatory responses, as well as RCI's requested sanctions and proposed solutions.

### A.    RCI Interrogatory Nos. 1-3

- **Interrogatories:**  Ask Plaintiffs to identify: (1) "all factual information concerning the subject matter of this litigation that has been provided by putative class members"; (2) "all factual information provided by putative class members in response to the e-mail sent by class counsel to putative class members in or about July 2012"; and (3) "each and every communication between Plaintiffs and Blue Bay or anyone acting or purporting to act on Blue Bay's behalf concerning the subject matter of this litigation, and . . . each oral communication and document that reflects, refers, or relates to [plaintiff's] response." See dkt. no. 123-9.

- **Response:**  After listing a host of objections, Plaintiffs responded by referring RCI to "the Blue Bay spreadsheet that it produced, which contains information enabling RCI to determine 'date of purchase, the resort at which the interest was purchased, [and] what was purchased and the amount paid.'" Plaintiffs also referred RCI to the "previously

5

produced contracts between Plaintiffs and Blue Bay and/or Premier by Original Resorts as well as the previously produced contracts between putative class members and Blue Bay and/or Premier by Original Resorts." Plaintiffs also referred RCI to "the documents they previously produced which reflect correspondence with Blue Bay and/or Premier by Original Resorts." Plaintiffs additionally referred RCI to all documents containing the prefix PCM. For Interrogatory number 3, Plaintiffs also referred RCI to unspecified deposition testimony. See dkt. no. 123-9.

- **Deficiency:** RCI argues that Plaintiffs' reference to the Blue Bay spreadsheet is non-responsive because the interrogatory asks Plaintiffs "to identify information provided by putative class members and communications between Plaintiffs and Blue Bay, not information prepared by Blue Bay and produced by RCI." See RCI's Brief at p. 6. RCI also objects to Plaintiffs' general reference to unspecified documents. While Plaintiffs are permitted to refer to business records pursuant to Rule 33(d), RCI argues, that Plaintiffs must "specifically identify the documents that contain the answers." Id. at p. 7.

- **Sanctions Sought:** Other than its general request to compel complete responses to its interrogatories, RCI did not request a specific sanction for these interrogatories.

- **Resolution:** The Court finds Plaintiffs' responses are evasive, indecipherable, and deficient. Accordingly, the Court Orders Plaintiffs to specifically identify the documents, discovery, or deposition testimony responsive to Interrogatories 1-3, or to certify that they have no additional information or materials responsive to these requests.

B.      **RCI Interrogatory No. 4**

- **Interrogatory:** Asked Plaintiffs to identify "all factual information concerning the subject matter of this litigation provided to Plaintiffs by Blue Bay or anyone acting or purporting to act on [its] behalf." See dkt. no. 123-9.

- **Response:** Plaintiffs responded that they have already produced all documents in their possession. Specifically, Plaintiffs directed RCI to the contracts between them and Blue Bay, as well as Plaintiffs' deposition testimony and email correspondence between them and Blue Bay, "all of which Plaintiffs have previously produced and about which RCI's counsel inquired during depositions."

- **Deficiency:** RCI objected that this response is deficient for the same reason as above, and also for improperly referring to deposition testimony. See RCI's Brief at pp. 7-8.

- **Sanctions Sought**: Other than its general request to compel complete responses to its interrogatories, RCI did not request a specific sanction for these interrogatories. See RCI's Brief at pp. 7-8.

- **Resolution:** Plaintiffs stated that they have already produced all documents in their possession. RCI does not dispute this contention and, therefore, it appears that RCI has the information it needs, to the extent it exists and is available. Further, RCI asked Plaintiffs about this topic at depositions. However, due to the systematic issues with Plaintiffs' interrogatory responses, the Court Orders Plaintiffs to certify that they do not possess any additional information or materials responsive to this request.

C.       RCI Interrogatory No. 5

- **Interrogatory**: Asks plaintiffs to identify "any and all harm, economic or otherwise, incurred by any of the Plaintiffs as a result of the allegations in the Class Action Complaint in this matter, regardless of whether Plaintiffs are seeking to recover for such harm in this matter." See dkt. no. 123-9.

- **Response**: Plaintiffs objected and noted that they had previously responded to a similar interrogatory which requested information relating to "any harm, economic or otherwise." Several plaintiffs by asserting that they suffered harm or identifying "trips" they took without setting forth the costs incurred for such trips.

- **Deficiency:** RCI contends that only Plaintiffs Semifero and Marek identified the costs incurred on "trips" they claim to have taken. See RCI's Brief at p. 8. RCI suggests that "the other plaintiffs should do the same or be subject to an adverse inference." Id.

- **Sanctions Sought**: In addition to its general request for the Court to compel more specific responses, RCI requests the sanction of an adverse inference.

- **Resolution:** All Plaintiffs identified the trips causing harm. Some, but not all, detailed the costs of such trips with more specificity. However, the fact that some Plaintiffs provided more information in their responses does not necessitate that other Plaintiffs must do the same or risk being sanctioned. Indeed, listing the trips allegedly causing harm is responsive in this situation; nothing in the interrogatory requires that Plaintiffs itemize specific cost values for each trip. The interrogatory simply asks Plaintiffs to "identify any and all harm" resulting from the allegations in the Complaint.

D.        **RCI Interrogatory No. 6**

- **Interrogatory:** Asks Plaintiffs to "identify all reasons behind the decision by Plaintiffs or any putative class member to purchase vacation nights at Blue Bay." See dkt. no. 123-9.

- **Response:** Plaintiffs referred to the 2,900-page PCM production and the declaration and deposition testimony of Chris Oldroyd. Plaintiffs also stated that "the core selling point for joining the RCI Points Program and the core reason why Plaintiffs and putative class members purchased nights was the ability to use nights to accelerate points for the purchase of Partner Inventory, particularly for airfare . . . ."

- **Deficiency:** RCI contends that this response is deficient, as the interrogatory requested "all" reasons why Plaintiffs purchased nights at Blue Bay, not just the "core" reason set forth by Plaintiffs. According to RCI, Plaintiffs' document productions show that they had various reasons for purchasing nights. See RCI's Brief at p. 9.

- **Sanctions Sought:** Other than its general request to compel complete responses to its interrogatories, RCI did not request a specific sanction for these interrogatories. See RCI's Brief at pp. 8-9.

- **Resolution:** The Court agrees that Plaintiffs' response was somewhat evasive by offering a "core" reason and not a complete answer. Additionally, Plaintiffs did refer to a deposition and declaration (Chris Oldroyd), and RCI is aware of other reasons Plaintiffs purchased from Blue Bay, as indicated by its objection. Understandably, RCI wants "all" of the reasons listed in an interrogatory response, but at this stage of the litigation, it will have to proceed with the documents, deposition testimony, and responses that it has already received.

E.        **RCI Interrogatory Nos. 7-10**

- **Interrogatory:** Asks Plaintiffs to identify (7) "each and every instance where Plaintiffs or any putative class member used or attempted to use RCI Points;" (8) "each and every instance whereby Plaintiffs or any putative class member attempted to sell or otherwise divest any of the nights they purchased from Blue Bay;" (9) "each and every vacation or non-business related travel taken by the Plaintiffs or any putative class member during the proposed class period;" and (10) "all reasons considered by Plaintiffs or any putative class member in deciding to visit any of the Blue Bay resorts, to return to any of the Blue Bay resorts or not to return to any of the Blue Bay resorts."

- **Responses:** Plaintiffs provided objections and no factual information in response to these interrogatories. Plaintiffs assert that RCI already has this information in its possession.

- ➢ **Deficiency:**  RCI asserts that Plaintiffs provided no factual information in response to these requests.  See RCI's Brief at p. 9.

- ➢ **Sanctions Sought:**  Other than its general request to compel complete responses to its interrogatories, RCI did not request a specific sanction for these interrogatories.  See RCI's Brief at p. 9.

- ➢ **Resolution**:  As an initial matter, it must be noted that Plaintiffs' response to Interrogatory No. 9 is inconsistent with their previous representations concerning the reasons for the delay in serving responses.  In particular, after initially stating that they were only waiting to obtain verifications, Plaintiffs' counsel represented that the delays resulted from the work involved in responding to Interrogatory No. 9.  Yet Plaintiffs' response to this request merely objects and provides no factual information whatsoever.  Plaintiffs provide no explanation for this inconsistency.  As such, sanctions are appropriate here.  Accordingly, the Court Orders Plaintiffs to specifically identify the documents, discovery, or deposition testimony responsive to Interrogatories 7-10, or to certify that they have no additional information or materials responsive to these requests.

## VII. CONCLUSION

Viewing the issues raised in the present Motion retrospectively, it is clear to the Court that Plaintiffs acted in an evasive and dilatory manner.  Indeed, the Court finds that Plaintiffs (1) failed to comply with two Court Orders directing them to respond to RCI's interrogatories and (2) made misrepresentations regarding the content and timing of their responses.  Those issues aside, a review of the Parties' submissions indicates that certain requests were indeed far-reaching, and that in at least some instances RCI requested information that it may have already possessed or could have located with reasonable effort.

In accordance with the directives listed in this Memorandum Opinion, the Court Orders Plaintiffs to specifically identify the documents, discovery, or deposition testimony responsive to Interrogatories 1-3 and 7-10, or certify that they have no additional information responsive to these requests, by April 1, 2014.

Based on the long history of this case, during which both parties have at times conducted themselves in a less-than-optimal fashion, the Court is not inclined to grant attorneys' fees or other sanctions with respect to this Motion. Under the circumstances, such an award would be unjust. See Fed. R. Civ. P. 37(b)(2)(C).

## VIII.  ORDER

Having considered the papers submitted and the arguments of counsel pursuant to FED. R. CIV. P. 78, and for the reasons set forth above;

**IT IS** on this 17th day of March, 2014,

**ORDERED** that RCI's Motion for Rule 37 Sanctions is **GRANTED**.

s/ Douglas E. Arpert_____\
DOUGLAS E. ARPERT, U.S.M.J.