UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH A. BARTON, et al.,<br><br>Plaintiff,<br><br>v.<br><br>RCI, LLC.<br><br>Defendant. | Civil Action No.: 10-cv-03657 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's motion for "certification of the transacting class" (ECF No. 145). Since this is Plaintiffs' second motion for certification, the court must determine whether the request is appropriate under Fed. R. Civ. P. 23( c) (1)(C). The Rule reads as follows:

> **(c) Certification Order; Notice to Class Members; Judgment; Issues Classes; Subclasses.**
>
> (1) Certification Order.
>
> (A) Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.
> (B) Defining the Class; Appointing Class Counsel. An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g).
>
> **(C) Altering or Amending the Order. An order that grants or denies class certification may be altered or amended before final judgment.**

Generally a Court may revisit a prior denial of a class certification motion if there is a change in the circumstances or facts since the prior denial. *Gutierrez v. Johnson & Johnson*, 269 F.R.D. 430, 433-34 (D.N.J. 2010). One district court explained that "in the absence of materially

1

changed or clarified circumstances . . . the Court should not condone a series of arguments . . ." *Washington v. Vogel*, 158 F.R.D. 689 (M.D. Fla. 1994). Often a Court reviews class certification early in the litigation; however, over time and discovery of facts about the class, the composition of the class may evolve. As such, the Court has a duty to monitor its class decisions in light of evidentiary developments. *Richardson v. Byrd*, 709 F.2d 1016 (5th Cir. Tex. 1983); *Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011). In this motion, for the most part, the motion to certify the transacting class is based on the same facts as set forth in the first motion to certify a class. (ECF No. 141).

The defendant, RCI, operates a program which allows a timeshare owner to deposit his/her timeshare interval, and exchange it for a different timeshare (vacation exchange), or for a variety of services including, but not limited to, airline tickets ("Points Program"). At the Blue Bay Resort located in Mexico, all of the named Plaintiffs exchanged a period of nights for points. These accumulated points could be redeemed for airline tickets. The Complaint alleges that class members accumulated points to redeem for airline tickets. This was a far better value than vacationing at the Blue Bay Resort or exchanging them for a different timeshare. As such, putative class members would buy many nights at the Blue Bay and exchange them for points. Under the RCI program, the use of the points could be accelerated.

At some point, RCI realized it was losing money on the redemption of points for airline tickets, and RCI unilaterally imposed a cap of 60,000 points that could be used annually to purchase airline tickets. According to the Complaint, the cap blocked putative class members from redeeming their points to buy airline tickets because a single ticket had a point value of 45,000 points. In the first motion for class certification, the putative class members had acquired more than 60,000 points and were therefore impacted by the cap. The class was defined as:

> All persons residing in the United States who entered into a
> Participation Agreement with RCI at a Blue Bay Resort prior to
> February 29, 2008, who had more than 60,000 points as of
> September 1, 2008, and who have not entered into a release.

According to counsel for the class, about 86% of the class members (3,523) suffered a loss under this initial methodology. However, that percentage was in error. According to the facts RCI developed in refuting certification, it found 1,195 of the 3,523 proposed Blue Bay members never transacted with RCI in the Points Program or vacation exchange program. Of the 2,328 remaining members, an additional 430 never used the Points Program. As such, the Court found the putative class was overbroad because so many members never used the Points Program, and therefore no relationship existed between a class member and loss of the ability to redeem for airline tickets.

About a month after denying the first motion for class certification, Plaintiff filed its motion for certification of the transacting class. The proposed class is narrowed to 1,339 members who redeemed points in excess of 55,000 points prior to February 29, 2008. The proposed class is defined as:

> All persons residing in the United States who entered into a
> Participation Agreement with RCI at a Blue Bay Resort prior to
> February 29, 2009, and for whom RCI's records reflect at least one
> Points Partner exchange in excess of 55,000 points prior to
> February 20, 2008.

Plaintiffs argue that each class member had at least one transaction wherein 55,000 points were redeemed; and one could reasonably deduce that another redemption by such participants in the same amount would most likely recur.

The Court must determine whether there are significant changes in circumstances which warrant a review of the transacting class certification. Class counsel's brief and revised expert report show no change of circumstances. Moreover, there was little, if any, discovery completed between April 1, 2014 (denial of initial class certification motion) and May 5, 2014 (the date of the new motion), hence, no new facts were disclosed. In addition, there were no material updates in the law which may show a change of circumstances. In fact, the expert (Dr. Goedde) employed the same "before and after" methodology in both class motions, and class counsel relies on the same named Plaintiffs. In the absence of any material change in circumstances, the Plaintiff does not meet the standard to certify a new class. The motion is denied. *In re FleetBoston Fin. Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 87425 (D.N.J. Nov. 28, 2007).

## ORDER

This matter having comes before the Court on Plaintiff's motion for certification of a transaction class (ECF No. 145); for the reasons set forth above;

IT IS on this 3rd day of November, 2014;

ORDERED that the motion to certify the transacting class (ECF No. 145) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.

4